```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION
```

DELESTER LEE, :
:
    Petitioner, :
:
v. : CIVIL ACTION 07-0586-WS-M
:
KENNETH JONES, :
:
    Respondent. :

REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2254 by an Alabama inmate that was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases.  This action is now ready for consideration.  The state record is adequate to determine Petitioner's claims; no federal evidentiary hearing is required.  It is recommended that this habeas petition be denied as this Court does not have jurisdiction over it,[1] that this action be dismissed, and that judgment be entered in favor of Respondent Kenneth Jones and against Petitioner DeLester Lee on all claims.

Petitioner was convicted of intentional murder on March 13, 1995, in the Monroe County Circuit Court for which he received a life sentence in the State penitentiary (Doc. 1, pp. 1-2).

---

[1] The Court notes that Petitioner has filed a Motion to Stay these Proceedings so that he may seek permission from the Eleventh Circuit Court of Appeals to pursue this action (Doc. 19).  Because of the Court's decision that it does not have jurisdiction over this case, Petitioner's Motion is **DENIED**.

Appeal was made to the Court of Criminal Appeals of Alabama which affirmed the conviction and sentence (*id.* at p. 3); Johnson sought *certiorari* in the Alabama Supreme Court, but it was denied (*id.*).

Petitioner filed a habeas petition in this Court on this same conviction on March 3, 1999; a recommendation was entered that the petition be dismissed as the claims therein were procedurally defaulted and without merit.  *Lee v. Thomas*, Civil Action 99-0237-BH-L (S.D. Ala. February 15, 2002) (Doc. 33).  On February 15, 2002, Senior U.S. District Judge Butler adopted the report and recommendation and entered judgment against Lee (*id.* at Docs. 38-39).

On August 20, 2007, Petitioner filed the current habeas petition, raising multiple claims of ineffective assistance of counsel (Doc. 1).  Respondent Answered the Complaint, asserting that Lee's claims were (1) unexhausted, yet futile to bring, in the State Courts; (2) procedurally defaulted in this Court; and (3) barred by the Statue of Limitations as this petition was not properly filed within a one-year period of time under the Anti-Terrorism and Effective Death Penalty Act of 1996 (*AEDPA*) (Doc. 17).

The Court, however, determined that this was a successive petition, as Lee has previously filed a habeas petition on this same conviction, and noted that this Court's review is barred without a certificate from the Eleventh Circuit Court of Appeals

pursuant to 28 U.S.C. § 2244(b) (Doc. 18).  In an Order instructing Petitioner to address this issue, the Court noted that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).

The Court notes that Petitioner has candidly admitted, in his present petition, that he has previously filed one federal habeas petition (Doc. 1, p. 9, ¶ 14). The Court further notes that Petitioner has provided no evidence that he has been given the authority to file this action (Doc. 19).  Because Petitioner filed his second habeas petition here, without first obtaining authorization from the Eleventh Circuit Court of Appeals to do so, this Court is without jurisdiction to rule on it.

Therefore, it is recommended that this habeas petition be dismissed as this Court does not have jurisdiction to review it.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a <u>de novo</u> determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(<u>en banc</u>).  The procedure for challenging the findings and recommendations of the magistrate judge is set

out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 1st day of February, 2008.

                                                s/BERT W. MILLING, JR.
                                                UNITED STATES MAGISTRATE JUDGE